# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **KELLY PITTS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **LAUDERDALE COUNTY** | ) |
| **SHERIFF'S DEPARTMENT;** | )  Civil Action No. CV-10-S-3075-NW |
| **LAUDERDALE COUNTY,** | ) |
| **ALABAMA; SHERIFF RONNIE** | ) |
| **WILLIS, individually and** | ) |
| **officially; JACKIE KEENUM,** | ) |
| **individually and officially,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Kelly Pitts, brought this action seeking to recover damages under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 202, 206, 207, & 215-217, from the following defendants: Lauderdale County Sheriff's Department; Lauderdale County, Alabama; Sheriff Ronnie Willis; and Jackie Keenum, the administrator of the Lauderdale County Jail.[1] Plaintiff's claims against the individual defendants, Sheriff Ronnie Willis and Jackie Keenum, are asserted against each of them in both their respective individual *and* official capacities.[2] This

---

[1] *See* doc. no. 1 (Complaint).

[2] *Id.*

case is currently before the court on motions to dismiss by all defendants, which seek dismissal of all of plaintiff's claims, *except* for his claim against Sheriff Ronnie Willis in his official capacity.[3]

## I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[4]  This rule must be read together with Rule 8(a),

---

[3] *See* doc. no. 5 (Motion to Dismiss of Defendant Lauderdale County, Alabama); doc. no. 7 (Motion to Dismiss of Defendants Lauderdale County Sheriff's Department, Sheriff Ronnie Willis in his individual capacity, and Jackie Keenum in her individual and official capacities).

[4] In full text, Rule 12(b) provides that:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

>  (1) lack of subject-matter jurisdiction;
>
>  (2) lack of personal jurisdiction;
>
>  (3) improper venue;
>
>  (4) insufficient process;
>
>  (5) insufficient service of process;
>
>  (6) failure to state a claim upon which relief can be granted; and
>
>  (7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a

---

Fed. R. Civ. P. 12(b).

motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Ashcroft*, 556 U.S. at —, 129 S. Ct. at 1949-50 (emphasis added).

When ruling upon a motion to dismiss, the court must assume that the facts set forth in the plaintiff's complaint are true. *See Anza v. Ideal Steel Supply Corp*., 547 U.S. 451, 453 (1994) (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn

favorably to Plaintiffs) in the complaint as true"). Accordingly, that which is set out in the following portions of this memorandum opinion as "the facts" for Rule 12(b)(6) purposes may, or may not, be the actual facts. *See, e.g.*, *Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006).

## II. SUMMARY OF THE FACTS AS ALLEGED

Plaintiff, Kelly Pitts, is employed as a corrections officer at the Lauderdale County Detention Center ("the jail").[5] The individual defendants, Sheriff Ronnie Willis and Jackie Keenum, the Detention Center Administrator, are responsible for the day-to-day operations of the jail.[6]

The jail received from the Marshall County Sheriff's Office a canine, named "Deli," for use at the jail.[7] At all times relevant to this matter, plaintiff was assigned the duty of serving as Deli's handler.[8] As such, plaintiff incurred additional hours of work each week performing dog care tasks, including (but not necessarily limited to): boarding, exercising, training, feeding, and transporting the dog to-and-from a veterinarian for required vaccinations and other treatment.[9] Plaintiff's additional hours of work — hours in excess of his normal, forty-hour work-week — were

---

[5] Doc. no. 1, ¶ 6.
[6] *Id.* ¶ 7.
[7] *Id.* ¶ 8.
[8] *Id.* ¶ 9.
[9] *Id.* ¶¶ 10-12.

performed for the benefit of his employer and were an integral and indispensable part of his principal duties as a canine handler.[10] Plaintiff alleges that he should have been compensated for the additional hours at his overtime pay rate of time-and-a-half.[11] Plaintiff was never compensated for the additional hours worked.[12] Furthermore, plaintiff transported the dog named Deli in his personal vehicle at his personal expense, but was never compensated for the expenses he incurred in doing so.[13]

Plaintiff received a letter indicating that the Lauderdale County Sheriff's Department was giving the care, control, and responsibility of county-owned property, *i.e.*, the dog named Deli, to plaintiff, and declaring Deli to be plaintiff's "pet."[14] Plaintiff never requested ownership of Deli to be transferred to him, and defendants decided to transfer the dog to plaintiff without following proper procedures associated with the reuse or distribution of property owned by county government or the Sheriff's Department.[15]

Plaintiff's employer also failed to keep records showing the hours he worked and the wages he received.[16] Plaintiff's employer failed to pay plaintiff regular and

---

[10] Doc. no. 1, ¶ 10.
[11] *Id.*
[12] *Id.*
[13] *Id.* ¶ 11.
[14] *Id.* ¶ 13.
[15] Doc. no. 1, ¶ 13.
[16] *Id.* ¶ 14.

overtime compensation for hours he worked.[17]  Plaintiff's employer did so willfully, failed to act in good faith, and had no basis to believe it was not violating the FLSA.[18]

Defendant Sheriff Ronnie Willis, in his official capacity, filed an answer admitting that he employed plaintiff.[19]  Sheriff Willis also admitted that he is responsible, in his official capacity, for the day-to-day operations of the jail.[20]

### III. DISCUSSION

All defendants, with the exception of Sheriff Ronnie Willis in his official capacity (hereinafter "defendants"), moved to dismiss for failure to state a claim upon which relief can be granted, arguing that defendants are not plaintiff's "employer," as that term is defined by the FLSA.[21]

Only an "employer" may be held liable under the FLSA.  *See* 29 U.S.C. §§ 203(d), 207; *see also Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995) (upholding the dismissal of defendants on the grounds that they were not employers).  The question of whether a particular defendant is an employer under the FLSA is an issue of law.  *See Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986) ("Whether [defendants] were

---

[17] *Id.* ¶¶ 15-16.

[18] *Id.*

[19] Doc. no. 4 (Answer of Ronnie Willis in his official capacity) ¶ 6.

[20] *Id.* ¶ 7.

[21] *See* doc. no. 6 (Brief in Support of Motion to Dismiss of Defendant Lauderdale County, Alabama); doc. no. 7.

employers within the meaning of the [FLSA] is a legal determination . . . ."); *Welch*, 57 F.3d at 1011 ("The question whether a particular defendant is an employer under the Equal Pay Act is a question of law."); *see also Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir. 1999) ("The Equal Pay Act is simply an extension of the FLSA and incorporates the FLSA's definition of 'employer.' . . . The issue on appeal in *Welch* was whether Sheriff Laney in his official and individual capacities was an "employer" as that term is defined under the FLSA . . . ."). A court should dismiss FLSA claims against defendants who are not, as a matter of law, "employers" under the FLSA. *See Welch*, 57 F.3d at 1004 (upholding the dismissal of defendants on the grounds that they were not employers).

> The FLSA defines the term "employer" as meaning:
>
> any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C. § 203(d). Whether an entity is an employer under the FLSA turns on a factual evaluation under the "economic realities test," which considers "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal v.*

*Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).

### A.      Lauderdale County, Alabama

In Alabama, county jails are unusual, in that they are controlled by one governmental entity, the sheriff, but dependent upon another, the county commission, for funding. Alabama "statutes impose complementary but distinct duties upon counties and sheriffs with respect to the county jails." *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1290 (11th Cir. 1998). In Alabama, sheriffs are members of the executive branch of *state* government, and are not considered to be *county* officers in the same sense as a member of the county commission. *See* Ala. Const. art. V, § 112 (1901) ("The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county."); *see also Turquitt*, 137 F.3d at 1288 (discussing the history of sheriffs and their powers in Alabama). A sheriff has complete control over the operations of the jail in his county, including control over the inmates, the jailers, and the jail itself. *Turquitt*, 137 F.3d at 1289. "The sheriff appoints, directs, and controls the deputies and jailers who work at the jail." *Id.* Counties have "no authority to manage the sheriff's employees." *Id.*

Alabama county governments are only responsible for funding their jails. *Id.*

Specifically, Alabama counties are statutorily obligated to build and keep in good repair the physical plant of the jail, and to provide funds for payment of the salaries of the sheriff and jail personnel. Ala. Code §§ 11-14-10, 11-14-13, 11-12-15(a); *see also Turquitt*, 137 F.3d at 1290. Even so, an Alabama county does not have a duty to actually *pay* the salaries of the sheriff, sheriff's deputies, and jail personnel. *See Geneva County Com'n v. Tice*, 578 So. 2d 1070 (Ala. 1991). Rather, a county must *appropriate* a fund for such salaries and overtime pay, but it is the sheriff's duty to *hire and pay* deputies and jailers using the appropriated funds. *See id.* at 1075. A county has no obligation to provide an open-ended appropriation for overtime pay, and once the funds appropriated for overtime are exhausted, the sheriff must make any excess payments out of other funds appropriated to the sheriff's department. *See id.* at 1073-75.

Applying these principles to the allegations of plaintiff's complaint, Lauderdale County, Alabama ("Lauderdale County"), does not have the power to hire or fire jailers at the jail, including plaintiff. *See Turquitt*, 137 F.3d at 1289. Instead, the Sheriff of Lauderdale County has exclusive control over the jail and jailers, including plaintiff. *See id.* Further, while Lauderdale County is statutorily responsible for appropriating funds for the salaries and overtime pay of jailers, the Sheriff has the exclusive power and responsibility to pay the jailers' salaries and overtime pay,

including plaintiff's salary and overtime pay. *See Geneva County Com'n*, 578 So. 2d at 1073-75. Therefore, under the economic realities test, Lauderdale County is not plaintiff's employer under the FLSA, and plaintiff's FLSA claim against Lauderdale County is due to be dismissed.[22]

### B.     Lauderdale County Sheriff's Department

A Sheriff's Department is not a legal entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). Plaintiff acknowledges as much, by agreeing that his claim against the Sheriff's Department is due to be dismissed.[23] Therefore, plaintiff's FLSA claim against the Lauderdale County Sheriff's Department is due to be dismissed.

### C.     Sheriff Ronnie Willis in his individual capacity

Eleventh Circuit precedent clearly establishes that "a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA." *Wascura*, 169 F.3d at 686. Therefore, plaintiff's FLSA claim against Sheriff Ronnie Willis in his individual capacity is due to be dismissed.

---

[22] In *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995), the Eleventh Circuit applied Alabama law to the relationship between sheriffs and counties, and held that a county commission was not a deputy sheriff's employer for Equal Pay Act purposes. *Welch*, 57 F.3d at 1010. As previously noted, the Equal Pay Act is merely an extension of the FLSA and uses the same definition of "employer" as the FLSA. Therefore, decisions determining whether a defendant is an "employer" under the Equal Pay Act are equally applicable in FLSA cases. *See Wascura v. Carver*, 169 F.3d 683, 686 (11th Cir. 1999).

[23] *See* doc. no. 10 (Plaintiff's Response to Motions to Dismiss) ¶1.

**D.     Jackie Keenum in her individual capacity**

Similarly, Jackie Keenum, as the jail administrator, is a public official sued in her individual capacity under the FLSA.[24]  Therefore, plaintiff's FLSA claim against Jackie Keenum in her individual capacity is due to be dismissed.  *See Wascura*, 169 F.3d at 686.

**E.     Jackie Keenum in her official capacity**

Jackie Keenum, who is also sued in her official capacity, is not, in her official capacity, plaintiff's employer.  Under Alabama law, the sheriff, not the jail administrator, has exclusive control over the jail and jailers — including the power to hire and fire jailers.  *See Turquitt*, 137 F.3d at 1289.  Because Jackie Keenum is not plaintiff's employer, plaintiff's FLSA claim against Keenum, in her official capacity, also is due to be dismissed.

## IV.  CONCLUSION

For the reasons stated above, the motion to dismiss filed by Lauderdale County, Alabama is GRANTED.[25]  Additionally, for the reasons stated above, the motion to dismiss filed by the Lauderdale County Sheriff's Department, Sheriff Ronnie Willis in his individual capacity, and Jackie Keenum in both her individual and official

---

[24] *See* doc. no. 1.

[25] Doc. no. 5.

12

capacities is GRANTED.[26]  All claims asserted against those defendants in the capacities noted are DISMISSED.  Only plaintiff's claim against Sheriff Ronnie Willis, in his official capacity, remains pending.

Finally, the court reminds plaintiff's counsel, Elizabeth Messer, who consistently makes a mess of her pleadings by signing them as "Attorney for Defendant," to avoid such errors.[27]  Accordingly, it is ordered *sua sponte* that in all further filings in this case plaintiff's counsel must correctly state her position as plaintiff's counsel or her filings will be stricken.

DONE this 18th day of November, 2011.

_____
United States District Judge

---

[26] Doc. no. 7.

[27] *See* doc. no. 1 at 4; doc. no. 10 at 4.